MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
EVARISTO ESPINOZA ARAGON, *individually*
*and on behalf of others similarly situated,*

                              *Plaintiff,*

                    -against-

HIP AT MURRAY STREET, LLC (d/b/a
HARRY'S ITALIAN PIZZA), PAUL LAMAS,
and PETER POULAKAKOS,

                              *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Evaristo Espinoza Aragon ("Plaintiff Espinoza" or "Mr. Espinoza"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against HIP at Murray Street, LLC (d/b/a

Harry's Italian Pizza) ("Defendant Corporation"), Paul Lamas, and Peter Poulakakos (collectively,

"Defendants"), alleges as follows:


                              **NATURE OF ACTION**

        1.      Plaintiff Espinoza is a former employee of Defendants HIP at Murray Street, LLC

(d/b/a Harry's Italian Pizza), Paul Lamas, and Peter Poulakakos.

        2.      Defendants own, operate, and/or control an Italian restaurant located at 225 Murray

Street, New York, New York 10282 operating under the trade name "Harry's Italian Pizza."

3.      Upon information and belief, Defendants Paul Lamas and Peter Poulakakos serve or served as owners, managers, principals and/or agents of Defendant Corporation and through this corporate entity operate the restaurant.

4.      Plaintiff Espinoza is a former employee of Defendants.

5.      Plaintiff Espinoza was ostensibly employed as a delivery worker, but he was required to spend a substantial amount of time each day performing non-tipped duties unrelated to delivery work, including: dishwashing, food preparing, twisting cardboard boxes, bringing deliveries to storage, preparing the stations and food containers, and cleaning the kitchen (hereinafter "non-tip, non-delivery duties").

6.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza and other employees to work in excess of 40 hours per week without receiving the applicable minimum wage or appropriate overtime compensation for the hours that he worked.

7.      Defendants employed and accounted for Plaintiff Espinoza as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-tip, non-delivery duties alleged above.

8.      Regardless of duties, Defendants paid Plaintiff Espinoza and all other delivery workers at the tip-credit rate.

9.      In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip-credit because Plaintiff Espinoza's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

2

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Espinoza's actual duties in payroll records to avoid paying Plaintiff Espinoza at the minimum wage rate, and to enable them to pay Plaintiff Espinoza at the lower tip-credited rate, by designating him as a delivery worker instead of a non-tipped employee.

11.     Defendants' conduct extended beyond Plaintiff Espinoza to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiff Espinoza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiff Espinoza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Espinoza's state law claims is conferred by 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Espinoza was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

17.    Plaintiff Evaristo Espinoza Aragon ("Plaintiff Espinoza" or "Mr. Espinoza"), is an adult individual residing in Bronx County, New York.

18.    Plaintiff Espinoza was employed by Defendants from approximately October 2013 until on or about May 2, 2017.

19.    Pursuant to 29 U.S.C. § 216(b), Plaintiff Espinoza consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.    At all times relevant to this Complaint, Defendants owned, operated, and/or controlled an Italian restaurant located at 225 Murray Street, New York, New York 10282 under the name "Harry's Italian Pizza."

21.    Upon information and belief, Defendant HIP at Murray Street LLC (d/b/a Harry's Italian Pizza) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 225 Murray Street, New

York, New York 10282, and its service of process address at 93 Pearl Street, New York, New York 10004.

22.    Defendant Paul Lamas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Paul Lamas is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. He possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Espinoza, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

23.    Defendant Peter Poulakakos is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Peter Poulakakos is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. He possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Espinoza, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

24.    Defendants operate an Italian restaurant located at 225 Murray Street, New York, New York 10282.

25.    Individual Defendants Paul Lamas and Peter Poulakakos possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

26.    Each Defendant possessed substantial control over Plaintiff Espinoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Espinoza, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiff Espinoza, and all similarly situated individuals, and are Plaintiff Espinoza's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiff Espinoza and/or similarly situated individuals.

29.    Upon information and belief, individual Defendants Paul Lamas and Peter Poulakakos operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

> (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;
>
> (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)    transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Espinoza's employers within the meaning of the FLSA and NYLL.

31.     Defendants had the power to hire and fire Plaintiff Espinoza, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Espinoza's services.

32.     In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

34.    Plaintiff Espinoza is a former employee of Defendants who was ostensibly employed as a delivery worker, but who spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

35.    Plaintiff Espinoza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Evaristo Espinoza Aragon*

36.    Plaintiff Espinoza was employed by Defendants from approximately October 2013 until on or about May 2, 2017.

37.     At all relevant times, Plaintiff Espinoza was ostensibly employed by Defendants as a delivery worker. However, Plaintiff Espinoza spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

38.     Plaintiff Espinoza regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

39.     Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

40.    From approximately October 2013 until on or about January 2017, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

41.     From approximately October 2013 until on or about January 2017, Plaintiff Espinoza worked from approximately 7:00 a.m. until on or about 2:00 p.m. six days a week (typically 42 hours per week).

42.     From approximately February 2017 until on or about May 2, 2017, Plaintiff Espinoza worked from approximately 9:00 a.m. until on or about 1:00 p.m. six days a week (typically 24 hours per week).

43.     Throughout his employment with defendants, Plaintiff Espinoza was paid his wages by check.

44.     From approximately October 2013 until on or about December 2015, defendants paid Plaintiff Espinoza $5.65 per hour for the first 40 hours he worked.

45.     From approximately January 2016 until approximately December 2016, defendants paid Plaintiff Espinoza $7.50 per hour for the first 40 hours he worked.

46.     From approximately January 2017 until approximately May 2, 2017, defendants paid Plaintiff Espinoza $9.15 per hour.

47.     From approximately October 2013 until on or about January 2017, Plaintiff Espinoza typically worked 42 hours per week, but his pay checks only reflected that he worked 40 hours per week.

48.     Defendants never granted Plaintiff Espinoza any break or meal periods of any length. However, Defendants deducted money from Plaintiff Espinoza's pay check for meal breaks.

49.     Prior to 2015, Plaintiff Espinoza was not notified by Defendants that his tips would be included as an offset for wages.

50.     From approximately October 2013 until approximately January 2017, Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.    With the exception of 2015, Defendants did not provide Plaintiff Espinoza with a written notice, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

52.    Prior to 2017, no notification, either in the form of posted notices or other means, was given to Plaintiff Espinoza regarding overtime and wages under the FLSA and NYLL.

53.    Defendants required Plaintiff Espinoza to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a basket, two lights, a lock and a chain.

*Defendants' General Employment Practices*

54.    Defendants regularly required their employees, including Plaintiff Espinoza, to work in excess of forty (40) hours per week without paying them the proper minimum wage or overtime compensation.

55.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

56.    Plaintiff Espinoza was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

57.    Prior to 2015, Defendants did not inform Plaintiff Espinoza that they had reduced his hourly wage by a tip allowance.

10

58.     Defendants required all delivery workers, including Plaintiff Espinoza, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

59.     Plaintiff Espinoza, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

60.     However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Espinoza's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

61.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he is assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

62.     Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

63.     The delivery workers', including Plaintiff Espinoza's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64.     In violation of federal and state law as codified above, Defendants classified Plaintiff Espinoza and other delivery workers as tipped employees, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Espinoza, never being paid for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

66.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Espinoza, and similarly situated employees, worked and avoided paying them properly for their (1) full hours worked, (2) minimum wage, and (3) overtime wages.

68.     Prior to 2017, Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Espinoza, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Espinoza's, relative lack of sophistication in wage and hour laws.

69.     Defendants failed to provide Plaintiff Espinoza and other employees with accurate wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

70.    With the exception of 2015, Defendants failed to provide Plaintiff Espinoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

### FLSA COLLECTIVE ACTION CLAIMS

71.    Plaintiff Espinoza brings his FLSA minimum wage, overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

72.    At all relevant times, Plaintiff Espinoza, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions.

73.    At all relevant times, Plaintiff Espinoza, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the minimum wage, overtime pay of one and

one-half times his regular rates for work in excess of forty (40) hours per workweek as required by the FLSA and willfully failing to keep records required by the FLSA.

74.    The claims of Plaintiff Espinoza stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS)

75.    Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

76.    At all times relevant to this action, Defendants were Plaintiff Espinoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

77.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

79.    Defendants failed to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.    Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.    Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

82.     Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Espinoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

86.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

87.     Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.      Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

89.     Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Espinoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Espinoza, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Espinoza (and the FLSA Class members) less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

94.     Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

16

96.    Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.    Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

98.    Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants failed to provide Plaintiff Espinoza (and the FLSA Class members) with a written notice, in English and in Spanish (Plaintiff Espinoza's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

101.    Plaintiff Espinoza repeats and realleges all paragraphs above as though set forth fully herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Espinoza (and the FLSA Class members) with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

103.    Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

104.    Plaintiff Espinoza repeats and re-alleges all paragraphs above as though set forth fully herein.

105.    Defendants required Plaintiff Espinoza to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.    Plaintiff Espinoza was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Espinoza respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA Class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Espinoza and the FLSA Class members;

(e)    Awarding Plaintiff Espinoza (and the FLSA Class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Espinoza (and the FLSA Class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza and the FLSA Class members;

(h)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza (and the FLSA Class members);

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the

NYLL with respect to Plaintiff Espinoza's (and the FLSA Class members) compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Espinoza and the FLSA Class members;

(k)    Awarding Plaintiff Espinoza (and the FLSA Class members) damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages as applicable;

(l)    Awarding Plaintiff Espinoza (and the FLSA Class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiff Espinoza (and the FLSA Class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiff Espinoza and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Espinoza and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff Espinoza demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
         May 11, 2017

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.


                                    ___/s/ Michael Faillace_____ _
                                    By:     Michael A. Faillace [MF-8436]
                                              60 East 42nd Street, Suite 4510
                                              New York, New York 10165
                                              (212) 317-1200
                                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 2, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Evaristo Espinoza Aragon

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              02 de mayo de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
_____

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

May 2, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Evaristo Espinoza Aragon

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     _____ 02 de mayo de 2017 _____

*Certified as a minority-owned business in the State of New York*