**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Evaristo Espinoza Aragon *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

HIP at Murray Street, LLC (d/b/a Harry's Italian Pizza), Paul Lamas, and, Peter Poulakakos,

Defendants.

Case No.  17-cv-03542

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Evaristo Espinoza Aragon ("Plaintiff Espinoza") on the one hand, HIP at Murray Street, LLC (d/b/a Harry's Italian Pizza), ("Defendant Corporation"), Paul Lamas and Peter Poulakakos, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Espinoza alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Espinoza's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-03542 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Espinoza and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Seven Thousand Dollars and No Cents (**$7,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement.

    (a)  1 (a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

1231196.1

2.      Release and Covenant Not To Sue:  Plaintiff Espinoza hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Espinoza brought or could have brought in the Complaint as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff Espinoza from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Espinoza relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.      No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.      Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Espinoza and Defendants.

5.      Acknowledgments:    Plaintiff Espinoza and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.      Notices:       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiff Espinoza:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Wayne Scott Kreger
Law Offices of Wayne Kreger
303 5th Avenue, Suite 1201
New York, NY 10016
Tel: 212-956-2136
Fax: 212-956-2137

Email: wayne@kregerlaw.com

7.    Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Espinoza agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification: Defendants advised Plaintiff Espinoza to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Espinoza acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.    Plaintiff Espinoza confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: 07-15-2018
    EVARISTO ESPINOZA ARAGON

DEFENDANTS:

By: _____          Date: 7/16/18
    HIP AT MURRAY STREET, LLC
    PAUL T. LA MAS
    MEMBER

By: _____    Date: 7/16/18
    PAUL LAMAS

By: _____    Date: 7/16/18
    PETER POULAKAKOS